## APPEALS BY GUARDIANS.

[Common Pleas Court of Lorain County.]

IN RE GUARDIANSHIP OF DELIA D. WALLACE.

Decided, October 10, 1906.

*Guardian—Appointment of, without Jurisdiction—Appeal from Order of Removal—Guardian not a Party in a Fiduciary Capacity—Must File Bond.*

A guardian who is removed by the probate court because the court had no jurisdiction to appoint him, can not perfect an appeal to the common pleas court from such order of removal, by merely giving written notice to the probate court of his intention to appeal. In such a case he is not "a party in a fiduciary capacity," and does not "appeal in the interest of the trust," and hence is required by Section 6408, Revised Statutes, to file a bond in order to effect an appeal.

WASHBURN, J.

This matter is submitted to the court upon motion to dismiss the appeal in this case from an order of the probate court of this county, removing L. D. Hamlin as guardian of Delia D. Wallace. This motion is made by the Sheffield Land & Improvement Company.

It appears that Mr. Hamlin was appointed by the probate court guardian of Delia D. Wallace, who was a very old lady, and who, it is claimed, has a dower interest in certain property now owned by the Sheffield Land & Improvement Company.

The Sheffield Land & Improvement Company filed a motion in the probate court to remove said guardian, upon the ground that said Delia D. Wallace was at the time of said appointment, and for a long time previous thereto had been, a non-resident of the state of Ohio.

Hearing was had upon that motion, and the probate court being fully advised in the premises, found that said motion was well taken, and said guardian was removed, because of the non-residence of said Delia D. Wallace at the time of said appointment.

That order was made by the probate court on January 9, 1905.

On January 27, 1905, as appears by the certificate of journal entries of probate court, L. D. Hamlin filed a written notice of appeal, and it is claimed that that appeal should be dismissed because no appeal bond was filed by said Hamlin. The notice of the appeal was not signed by L. D. Hamlin, guardian, but by L. D. Hamlin.

The first question submitted is the claim of the attorneys for Mr. Hamlin, that the Sheffield Land & Improvement Company had no right to file said motion in probate court, and has no right to be heard on said motion in this court, because it is not a party interested in the proceedings in the probate court.

I find that, under the law, the Sheffield Land & Improvement Company did have a right to intervene in the probate court, and has a right to be heard in this court.

I will not stop to cite the authorities on that proposition, because that question was involved in the *In re Guardianship of James Murray*, a case recently decided by this court (4 N. P.— N. S., 233; affirmed 8 C. C.—N. S., —).

As I have said, the Sheffield Land & Improvement Company claims that under the provisions of Section 6408 of the Revised Statutes, this appeal was not properly perfected, because no appeal bond was filed.

And it is claimed on the other side, that under the provisions of said Section 6408, no appeal bond was required.

That section, after providing for the filing of a bond within twenty days, by the person desiring to take an appeal, provides that—

"When the person appealing from any judgment or order in any court, or before any tribunal, is a party in a fiduciary capacity, in which he has given bond within the state, for the faithful discharge of his duties, and appeals in the interest of the trust, he shall not be required to give bond, but shall be allowed the appeal, by giving written notice to the court of his intention to appeal within the time limited for giving bond."

It has been settled by the courts, that to relieve a person from the necessity of giving bond under this section, at least two things are necessary:

First. The party appealing must be "a party in a fiduciary capacity"; and,

Second. He must "appeal in the interest of the trust." 67 O. S., page 464.

Even where the party appealing is a party in a fiduciary capacity, still a bond is required where he appeals from a judgment affecting adversely his own pecuniary interests. 57 O. S., 289.

All of the cases in Ohio upon this general subject have been cases where the existence of the trust at the time of the attempted appeal has not been in question.

It is difficult to see, in this case, how there could be any trust created by the appointment of a guardian in a matter in which the court had no jurisdiction, because of the non-residence of Delia D. Wallace, or how the appointment or removal of a guardian would in any way be in the interest of such a trust.

But, assuming that the act of the court did create a trust, the existence of the trust was ended by the court before Mr. Hamlin attempted to appeal, and in that event it is quite plain that, under the authorities, Mr. Hamlin did not appeal in a "fiduciary capacity."

The decision of the probate court put an end to the existence of any trust that might have existed before that time, and the finding of the court was, that no trust existed, because it had no jurisdiction to appoint a guardian.

A person can not be said to represent a trust in a fiduciary capacity, when that trust has no existence.

When the probate court removed Mr. Hamlin, he ceased to be guardian, and he could then prosecute his appeal only as an individual, and as an individual, of course, he would be required to give bond.

A case similar in principle, is found in the 36 Pacific Reporter, at page 1059. In that case an administratrix had been appointed of the estate of a person not a resident or inhabitant of the state at the time of his death.

Later on, such administratrix brought suit against a railroad company for causing the death of the intestate, and said company filed a motion to remove said administartrix, and the court determined that the company had sufficient interest in the matter to make it a competent party to institute proceedings

in revocation of the letters of administration; that was done, and the letters were revoked.

Appeal was prosecuted from the order revoking such letters of administration, but no bond was filed; that appeal was dismissed by the district court, and the Supreme Court, in passing upon that dismissal, used this language:

"A sufficient ground for the order of the district court in dismissing the appeal was the omission of the appellant to give an appeal bond. Under the statute, every appellant is required to file in the probate court a bond, in such sum, and with security, as may be fixed and approved by the probate court, conditioned that he will 'prosecute the appeal, and pay all sums, damages and costs, that may be adjudged against him.' The only exception to this rule is that no executor or administrator is required to enter into bond, to entitle him to appeal. The only excuse given for the failure to give an appeal bond is the claim that the appeal was taken by the administratrix, and therefore that she was exempt from that requirement. The difficulty in sustaining that claim is, that her appointment, and everything pertaining to the administration, were utterly invalid. The probate court had no jurisdiction to grant letters of administration, nor to confer authority upon her, and at the time when the attempt was made to take an appeal, the letters had been recalled, and an order and decree entered, declaring the administration, and all the proceedings connected with the same, null and void. In attempting to appeal, she was not acting as the representative of the estate but was merely endeavoring to obtain a personal advantage. Not being an administratrix, it was absolutely necessary that a bond should be given before an appeal could be taken, and her failure to give one is a sufficient justification for the ruling of the court dismissing the appeal."

In the case at bar, the probate court, after finding that the appointment of Mr. Hamlin was illegal, because Delia D. Wallace was not a resident of the state of Ohio at the time of the appointment, made the following order:

"It is, therefore, ordered that the said L. D. Hamlin be, and he hereby is, removed as such guardian, and the guardianship is ordered closed according to law."

So that at the time of the attempted appeal, the guardianship was closed according to law, and no trust existed, and Mr. Hamlin did not appeal in a "fiduciary capacity," and should have given bond.

There is a later case in the 52 Pacific Reporter, on page 68, that is also in point, the syllabus of which reads:

"An administrator who appeals from an order of removal does not act in his representative capacity in prosecutng such appeal, and is not exempt from giving bond by the last clause of Gen. St., 1889, par. 2977, providing that 'no executor or administrator shall be required to enter into a bond to entitle him to appeal.'"

In that case a son was killed and his mother was appointed administratrix of his estate, and as such instituted an action to recover damages for the death of her son.

Subsequently, the company, sued by her for the death of her son, moved the probate court to revoke the letters of administration, because of the removal of the administratrix from the state. This motion was sustained.

From the order of removal, the plaintiff in error appealed to the district court, which court dismissed the appeal, and from the order of dismissal of the district court, error proceedings were prosecuted to the supreme court, and the court, in sustaining the dismissal, used this language:

"When the order dismissing her was made by the probate court, she was no longer administratrix. Her appeal from that order was not an appeal in behalf of the estate, or in furtherance of the trust she had been filling. Her appeal was the assertion of a personal right only. There is no difference in principle between her case and the case found in the 36 Pacific Reporter, page 1059, in which letters of administration were revoked because the original appointment was void. As is said in that case, 'in attempting to appeal, she was not acting as the representative of the estate, but was merely endeavoring to obtain a personal advantage.'"

These two cases are directly in point, and the principles announced are satisfactory to this court, and are applicable in the construction of our statute (Section 6408), and finding no case to the contrary in Ohio, the order may be made in this case, dismissing the appeal.

*James H. Leonard, Chamberlain & Hamlin,* for plaintiff.

*G. A. Resek, E. G. & H. C. Johnson,* for the Sheffield Land & Improvement Company.